UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM CRENSHAW

Plaintiff,

DECISION AND ORDER

15-CV-6229L

v.

JAMES McNAMARA,
JOHN VanLOON,
RICHARD FONTANZA,
LARRY BERNSTEIN,
SANDRA DOORLEY,
HON. CHARLES SIRAGUSA,

Defendants.

## INTRODUCTION

Plaintiff, William Crenshaw, appearing *pro se*, commenced this action on February 13, 2015, in New York State Supreme Court, Clinton County. The complaint names as defendants several employees of the Rochester Police Department ("RPD") and the Monroe County District Attorney's Office, as well as Charles J. Siragusa, who is currently a United States District Judge, but who is sued for acts he took in his former capacity as a New York State Supreme Court Justice.

On April 20, 2015, defendant Sandra Doorley, the Monroe County district attorney, removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The basis for the removal is this Court's original jurisdiction over this action, by virtue of plaintiff's assertion of claims arising under federal law. Plaintiff has filed a motion to remand the action to state court.

## DISCUSSION

Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The factual basis for his complaint is not entirely clear, but in general it seems to relate to his allegation that defendants knowingly used or permitted to be used false evidence against him in connection with a state-court prosecution, which led to the conviction for which he is now serving a sentence of incarceration.

The complaint repeatedly cites federal law, *see*, *e.g.*, Dkt. #1-3 at 3 (alleging violations of, and claims arising under,18 U.S.C. §§ 241, 242, and 1621, 42 U.S.C. § 1985, and the First, Fifth and Fourteenth Amendments to the U.S. Constitution). Plaintiff's claims therefore arise, at least in part, under federal law, and could originally have been filed in federal court. In fact, in his motion to remand, plaintiff expressly states that this action "is one of which this court does have original jurisdiction." Dkt. #5 at 4 ¶ 13. It is clear, then, that there was a proper statutory basis for removal. *See generally* 28 U.S.C. §§ 1331, 1441(a).

The ground for the motion to remand is that not all the defendants have joined in the removal. The general rule is that "[w]hen a civil action is removed solely on the basis of federal question jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal of the action. The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the 'unanimity rule.'" *Stone v. Bank of New York Mellon, N.A.*, __ Fed.Appx. __, 2015 WL 1769370, at *2 (11th Cir. 2015) (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008)) (additional internal citation omitted).

In opposition to the remand motion, defendant Doorley states that defendants James McNamara, John VanLoon and Richard Fontanza ("RPD defendants"), through their attorney, "verbally consented" to the removal. Decl. of Mallorie C. Rulision (Dkt. #7) ¶ 9. She further

contends that the other two defendants, Larry Bernstein and Judge Siragusa, have not been properly served, which obviates the need to obtain their consent to removal. *Id.* ¶ 10.

That is not, however, the primary basis for Doorley's opposition to the motion to remand. Doorley contends that plaintiff's motion is untimely, because it was filed more than thirty days after the case was removed to federal court.

"The law requires that a motion to remand 'on the basis of any defect other than lack of subject matter jurisdiction' must be made within 30 days after the filing of the notice of removal." *Johnson v. California Dep't of Corrections*, No. CV 10-0797, 2011 WL 759928, at *2 (C.D.Cal. Jan. 7, 2011) (quoting 28 U.S.C. 1447(c)), *report and recommendation adopted by* 2011 WL 765814 (C.D.Cal. Feb. 18, 2011). An objection based on a lack of unanimity as to removal falls within that rule. *See GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 632 (7th Cir. 2013); *Fryear v. Medtronic, Inc.*, No. 13-cv-58, 2015 WL 1638388, at *2 (W.D.Ky. Apr. 13, 2015).

In the case at bar, Doorley's notice of removal was filed on April 20, 2015, and plaintiff's motion to remand was filed on May 28, 2015–outside the 30-day limit. The envelope in which plaintiff mailed the motion to the Court was postmarked at Elmira Correctional Facility on May 26, 2015. Plaintiff's declaration of service, however, is dated May 19, 2015, *i.e.*, 29 days after the notice of removal was filed. *See* Dkt. #5 at 7.

Under the "mailbox rule" generally applicable to *pro se* prisoner cases, a *pro se* prisoner's papers are generally deemed to be filed when the inmate delivers the papers to prison authorities for forwarding to the court. *Joseph v. Conway*, 567 Fed.Appx. 56, 58 (2d Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)); *Cole v. Chappuis*, No. 11CV912, 2015 WL 2128259, at *2 (W.D.N.Y. May 6, 2015). If plaintiff gave his motion papers to prison authorities for mailing on May 19, his motion would thus be timely.

As the record now stands, however, the Court cannot determine when plaintiff did turn in his papers for mailing. The seven-day gap between the date on his certificate of service and the

postmark on the envelope is unexplained. The Court therefore directs plaintiff to submit further evidence concerning this matter, as set forth in the Conclusion of this Order, *infra*.

While the timeliness of plaintiff's motion is a threshold issue, I also believe that in the interests of efficiency, it would be best also to have defendants address the unanimity issue referred to above. Though Doorley's attorney has stated that the RPD defendants, through their attorney, have given their oral consent to the removal, there is authority that the non-removing defendants must themselves convey to the Court their consent to removal. *See*, *e.g.*, *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). *Weaver v. Herman*, Civ. No. 13-1634, 2014 WL 257847, at *5 (M.D.Pa. Jan. 23, 2014); *Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006). *See also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal").

Again, if the Court ultimately determines that plaintiff's motion to remand was untimely filed, it may prove unnecessary to reach the unanimity issue. But since the Court is directing plaintiff to submit additional evidence concerning the timeliness question, I also direct counsel for Doorley to submit additional evidence regarding the other defendants' consent to the removal. The Court do not prescribe any particular form that such evidence must take, but it should go beyond counsel's simple assertion that defendants have "verbally consented" to the removal, which is all that has been provided to the Court thus far.[1]

Plaintiff has also named former Supreme Court Justice Charles Siragusa as a defendant, although it does not appear that he has been served or appeared in the action.

---

[1]On the record before me, Doorley appears to be correct that the only other defendants who have appeared in the action–and therefore the only other defendants whose consent is required–are the RPD defendants. It is unnecessary for the Court to decide that question at this time, however.

Plaintiff is to advise the Court, with his submission, whether he wishes Judge Siragusa to remain a defendant in the case. If so, because Judge Siragusa is now a United States District Court Judge in this district, it will most likely require that a judge from outside of the district be assigned to handle the case, if the case remains in federal court.

## CONCLUSION

Plaintiff is hereby directed to submit to the Court additional evidence relating to the date on which he submitted his motion to remand (Dkt. #5) for mailing, and the steps that he took to effect such mailing. Such evidence may consist of plaintiff's own sworn statements, as well as documentary evidence in plaintiff's possession.

Defendant Doorley is hereby directed to submit to the Court further evidence concerning the alleged consent of the other defendants in this action to the removal of this case to federal court.

Both plaintiff's and Doorley's submissions must be filed with the Court no later than forty-five (45) days after the date of issuance of this Order.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 11, 2015.