UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW

                              Plaintiff,

                                                              DECISION AND ORDER

                                                              15-CV-6229L

                  v.

JAMES McNAMARA,
JOHN VanLOON,
RICHARD FONTANZA,
LARRY BERNSTEIN,
SANDRA DOORLEY,
HON. CHARLES SIRAGUSA,

                              Defendants.
_____

        By Decision and Order (Dkt. #14) filed October 6, 2015, this Court requested the Chief

Judge of the Western District of New York to transfer this action to a federal judge in another

district because one of the named defendants, Hon. Charles Siragusa, a Senior United States District

Judge in this District, and therefore a colleague, is named as a defendant for acts which allegedly

occurred in his former capacity as a New York State Supreme Court Justice.

        Soon after that order was entered, the Court received a letter from a Deputy Monroe County

Attorney, who represents some of the defendants, requesting that the Court not transfer the action

because by decision entered October 5, 2015, a Justice of the Clinton County Supreme Court entered

a Decision and Order dismissing Charles Siragusa from the action based on principles of judicial

immunity.  Defense counsel's letter requested that this Court keep the action because Judge Siragusa

is no longer a named defendant.

As thorough and as convincing as the decision by the Clinton Supreme Court Justice appears to be, based on the procedural posture of the case, it appears that the Order from that court is void since that court had no jurisdiction over the matter when it was entered.

As the parties are aware, this case was originally commenced in the Clinton County Supreme Court but, as discussed in another decision of this Court (Dkt. #8) on August 11, 2015, the defendant, Sandra Doorley, the Monroe County District Attorney, removed the state court action to this federal court on or about April 20, 2015 pursuant to 28 U.S.C. §§ 1441 and 1446. It further appears that on April 27, 2015, the defendant properly served the Notice of Removal on the parties and the Clerk of the Clinton County Supreme Court (Dkt. #15).

The filing of that Notice effected removal of the action, and 28 U.S.C. § 1446(d), directs that the state court shall proceed no further unless or until the action is remanded. Thus, it appears clear that the Clinton Supreme Court lost jurisdiction over this matter on April 27, 2015, when the defendant filed the Notice of Removal with that court.  *See Ornstein v. Lyndon Baines Johnson House Complex,* 2006 US Dist. Lexis 22485 (EDNY 2006);  *Linden v. Chase Manhattan Corporation,* 52 F.Supp.2d 387 (SDNY 1999).

Therefore, it appears that the decision dismissing Judge Siragusa from the action is not effective based on that court's lack of jurisdiction, and the case should therefore be transferred to another Judge in another Federal District.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 6, 2015.