UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                Plaintiff,

                                                                                                      Case No. 6:15-CV-6229 (GTS)

v.

JAMES McNAMARA; JOHN VanLOON; RICHARD
FONTANZA; LARRY BERNSTEIN; SANDRA
DOORLEY; and HON. CHARLES SIRAGUSA,

                Defendants.
_____

APPEARANCES:                                                           OF COUNSEL:

WILLIAM CRENSHAW, 98-B-0745
  Plaintiff, *Pro Se*
Clinton Correctional Facility
Box 2001
Dannemora, NY 12929

MONROE COUNTY DEPARTMENT OF LAW          MALLORIE C. RULISON, ESQ.
  Counsel for Defendants Bernstein and Doorley     Deputy County Attorney
39 West Main Street, Room 307
Rochester, NY 14614

HON. ERIC T. SCHNEIDERMAN                           GARY M. LEVINE, ESQ.
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Defendant Siragusa
144 Exchange Boulevard, Suite 200
Rochester, NY 14614

GLENN T. SUDDABY, Chief United States District Judge,
United States District Court for the Northern District of New York[1]

---

       [1]      Due to the presence in this action of claims against United States District Judge Charles J. Siragusa of the Western District of New York, on approximately December 29, 2015, this action was temporarily assigned to Chief Judge Suddaby of the Northern District of New York by Chief Judge Robert A. Katzmann of the United States Court of Appeals for the Second Circuit.  (Dkt. No. 18; Docket Entry dated Dec. 29, 2015.)

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action by William Crenshaw ("Plaintiff") against the six above-captioned individuals ("Defendants"), is Plaintiff's motion to remand. (Dkt. No. 5.) For the reasons set forth below, the motion is denied.

Because the parties' motion papers demonstrate an accurate understanding of this action's procedural history and the legal standards governing Plaintiff's motion, the Court will not repeat that procedural history and governing legal standards in this Decision and Order, which is intended primarily for the review of the parties.

In his Decision and Order of August 11, 2015, United States District Judge David G. Larimer correctly identified the two issues that are presented by the parties' briefing of Plaintiff's motion to remand: (1) whether Plaintiff has submitted evidence that, on May 19, 2015, he delivered his motion to remand to prison authorities for mailing to the Court (hereinafter referred to as the "timeliness" issue); and (2) if so, whether Defendants James McNamara, John VanLoon and Richard Fontanza ("RPD Defendants") have submitted evidence that they consent to removal (hereinafter referred to as the "unanimity" issue). (Dkt. No. 8.)

After carefully considering the matter, the Court answers the timeliness issue in the affirmative. Plaintiff has submitted a properly verified statement, dated September 17, 2015, paragraph 17 of which states, "Plaintiff's motion to remand was sent out to be mail[ed] May 19, 2015 by Authorized Advance Request . . . ." (Dkt. No. 12, at ¶ 17.) He has also submitted a copy of the Authorized Advance Request, which is dated May 19, 2015. (Dkt. No. 12, at 14-16.) However, Plaintiff's submission of this evidence does not end the Court's inquiry regarding his motion. This is because, as observed by Judge Larimer, the unanimity issue must be decided in the event the timeliness issue is resolved in Plaintiff's favor. (Dkt. No. 8, at 4.)

After carefully considering the matter, the Court answers the unanimity issue in the affirmative. Granted, it would have been preferable for counsel for the RPD Defendants to have submitted an affidavit stating that the RPD Defendants "verbally consented" to the removal *at the time of* removal on April 20, 2015, as suggested by counsel for Defendants Doorley and Bernstein. (Dkt. No. 7, at ¶ 9.) *See also* 28 U.S.C. § 1446(b)(2)(A) ("*When* a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added).

However, counsel for the RPD Defendants has submitted a letter to the Court stating that, as of September 8, 2015, the RPD Defendants "support and join" the motion to remove and oppose the motion to remand. (Dkt. No. 11.) Under the circumstances, this letter is sufficient to independently express the RPD Defendants' consent to removal. *See Stone v. Bank of New York Mellon, N.A.*, No. 13-15433, 2015 WL 1769370, at *2 (11th Cir. 2015) ("Although Prommis did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule."); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) ("And in this particular case, even assuming that Home Depot's answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when Home Depot opposed Esposito's remand motion, thereby clearly communicating its desire to be in federal court."); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) ("In addition, the fact that [the defendant] opposed [the plaintiff's] motion to remand cured any purported defect in the removal petition.").

For all of these reasons, and the reasons stated in Defendants' opposition papers (*see, e.g.,* Dkt. No. 7, Attach. 1; Dkt. No. 13), and Judge Larimer's Decision and Order of August 11, 2015 (Dkt. No. 8), Plaintiff's motion is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to remand (Dkt. No. 5) is **DENIED**.

Dated: January 19, 2016
       Syracuse, NY

                                        Hon. Glenn T. Suddaby
                                        Chief U.S. District Judge