UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                        Plaintiff,

                                                       Case No. 6:15-CV-6229 (GTS)

v.

JAMES McNAMARA; JOHN VanLOON; RICHARD
FONTANZA; LARRY BERNSTEIN; SANDRA
DOORLEY; and HON. CHARLES SIRAGUSA,

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

WILLIAM CRENSHAW
  Plaintiff, *Pro Se*
Elmira Correctional Facility
1879 Davis St., P.O. Box 500
Elmira, NY 14901

CITY OF ROCHESTER LAW DEPARTMENT        SPENCER L. ASH, ESQ.
  Counsel for Defendants McNamara, VonLoon,[1]   Assistant Corporation Counsel
  and Fontanza
City Hall, Room 400-A
30 Church Street
Rochester, NY 14614

MONROE COUNTY DEPARTMENT OF LAW         MALLORIE C. RULISON, ESQ.
  Counsel for Defendants Bernstein and Doorley   Deputy County Attorney
39 West Main Street, Room 307
Rochester, NY 14614

HON. ERIC T. SCHNEIDERMAN              GARY M. LEVINE, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendant Siragusa
144 Exchange Boulevard, Suite 200
Rochester, NY 14614

---

[1]      While Plaintiff's Complaint identifies this individual as having the last name "VanLoon," the individual's counsel identifies him as having the last name "VonLoon."  As a result, this Decision and Order will identify him as "VonLoon."

GLENN T. SUDDABY, Chief United States District Judge,
United States District Court for the Northern District of New York[2]

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action by William Crenshaw

("Plaintiff") against the six above-captioned individuals ("Defendants"), are the following

motions: (1) a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), filed by United States District Court

Judge Charles Siragusa ("Defendant Siragusa") (Dkt. No. 19); (2) a motion to dismiss for failure

to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), filed by

Defendants James McNamara, John VonLoon, and Richard Fontanza ("City Defendants") (Dkt.

No. 27); and (3) a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or, in

the alternative, for dismissal for failure to prosecute pursuant and/or failure to obey a court order

to Fed. R. Civ. P. 41(b), filed by Defendants Sandra Doorley and Larry K. Bernstein ("County

Defendants") (Dkt. Nos. 29, 38).  For the reasons set forth below, Plaintiff's Complaint is

dismissed pursuant to Fed. R. Civ. P. 41(b).

## I.      RELEVANT BACKGROUND

### A.      **Plaintiff's Complaint**

In his Complaint, Plaintiff appears to allege that, nearly two decades ago, in a state court

criminal prosecution against him, Defendants conspired against him by presenting false evidence

and perjured testimony, and fraudulently concealing evidence, at a suppression hearing held on

---

[2]      Due to the claims in this action against United States District Judge Charles J. Siragusa of
the Western District of New York, on approximately December 29, 2015, this action was temporarily
assigned to Chief Judge Suddaby of the Northern District of New York by Chief Judge Robert A.
Katzmann of the United States Court of Appeals for the Second Circuit.  (Dkt. No. 18; Docket Entry
dated Dec. 29, 2015.)

September 26, 1997.  (Dkt. No. 1, Attach. 3, at 8-12 [Plf.'s Compl.].)  The precise nature of

Plaintiff's claims is difficult to discern, but Plaintiff cites, *inter alia*, 18 U.S.C. §§ 241, 242, and

1621, and 42 U.S.C. §§ 1983, 1985, and 1986.[3]  (*See generally id.*)

## B.   Procedural History

Plaintiff commenced this action in New York State Supreme Court, Clinton County.

(Dkt. No. 1 [Notice of Removal].)  Before the case was removed to federal court by Defendant

Monroe County District Attorney Sandra Doorley (Dkt. No. 1), Plaintiff filed an application for

poor person status and requested leave to use an alternate method of service of the Summons and

Complaint pursuant to Civil Practice Law and Rules 308(5).  In a Decision and Order dated

February 25, 2015, New York State Supreme Court Justice John T. Ellis granted both of

Plaintiff's requests.  (Dkt. No. 1, Attach. 4.)  Moreover, Defendant Doorley filed a Verified

Answer in state court.  (Dkt. No. 1, Attach. 5.)

## A.   Defendants' Arguments on Their Respective Motions

### 1.   Defendant Siragusa's Memorandum of Law

In support of his motion to dismiss, Defendant Siragusa advances six arguments: (1) any

claims against Defendant Siragusa were dismissed by New York State Supreme Court, Clinton

County, after this case was removed to federal court on April 20, 2015, and that dismissal order

should be dispositive";[4] (2) Plaintiff's Complaint does not contain any allegations plausibly

---

[3]       As a result of that criminal proceeding, Plaintiff was convicted of robbery in the first
degree.  *People v. Crenshaw*, 278 A.D.2d 897 (App. Div. 4th Dep't 2000), *lv. denied*, 96 N.Y.2d 799
(2001); *see also Crenshaw v. Superintendent of Five Points Correctional Facility*, 372 F. Supp. 2d 361
(W.D.N.Y. 2005) (denying habeas corpus petition), *reconsideration denied*, 595 F. Supp. 2d 224
(W.D.N.Y. 2009).

[4]       It appears that, at some point, Defendant Siragusa filed a motion to dismiss Plaintiff's
Complaint in state court.  Justice Ellis issued a Decision and Order granting Defendant Siragusa's motion
to dismiss on the basis that he was shielded from suit by judicial immunity.  (Dkt. No. 19, Attach. 1

suggesting that Defendant Siragusa in any way violated Plaintiff's rights; (3) Plaintiff's 42 U.S.C.

§ 1983 claims are time-barred pursuant to the three-year statute of limitations applicable to such

claims; (4) to the extent that Plaintiff's claims attack his underlying criminal conviction, his

claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (5) to the extent that Plaintiff may

be understood as seeking a change to his criminal conviction, his Complaint must be dismissed

pursuant to the *Rooker-Feldman* doctrine; and (6) Defendant Siragusa is entitled to judicial

immunity in connection with any actions or omissions related to Plaintiff's criminal prosecution,

over which Defendant Siragusa presided.  (Dkt. No. 19, Attach. 1, at 2-5 [Defendant Siragusa's

Memo. of Law].)

### 2.      City Defendants' Memorandum of Law

In support of their motion to dismiss, City Defendants argue that 28 U.S.C. § 1915(g)

prohibits the present action because Plaintiff has filed four previous federal civil actions that

have been dismissed for lack of merit, and Plaintiff has failed to assert any facts indicating that

he is under imminent physical danger of serious physical injury.  (Dkt. No. 27, Attach. 1, at 1-2

[City Defs.' Memo of Law].)

### 3.      County Defendants' Memorandum of Law

In support of their motion for judgment on the pleadings, the County Defendants advance

ten arguments: (1) Plaintiff's claims are time-barred; (2) Plaintiff's claims are frivolous and,

because he is under no imminent danger of serious physical injury, his Complaint is barred by

the three-strikes rule; (3) Plaintiff's Complaint lacks any factual allegations plausibly suggesting

---

[Decision and Order, filed 10/13/2015].)  However, because the action had already been removed to
federal court, United States District Judge David G. Larimer concluded, in an Order filed on November 6,
2015, that New York State Supreme Court lacked jurisdiction at the time that it granted Defendant
Siragusa's motion to dismiss.  (Dkt. No. 16 [Order, filed 11/6/2016].)  Accordingly, the Court does not
rely on New York State Supreme Court's Decision and Order.

any misconduct by the County Defendants; (4) Defendant Bernstein is shielded from liability by

the doctrine of prosecutorial immunity; (5) Defendant Doorley is shielded from liability by the

doctrine of governmental immunity because she has been sued in her official capacity and

Plaintiff has not alleged that she implemented or executed an unconstitutional custom or policy;

(6) Defendant Doorley was not Monroe County District Attorney at the time of Plaintiff's

suppression hearing; (7) Plaintiff has failed to state a claim against Defendant Doorley in her

individual capacity; (8) County Defendants are immune from suit and liability under the

Eleventh Amendment of the U.S. Constitution; (9) Plaintiff has failed to allege facts plausibly

suggesting that Defendants conspired to deprive him of his constitutional rights under 42 U.S.C.

§ 1985; and (10) Plaintiff has abandoned his claims due to his failure to notify the Court of his

current address.  Plaintiff has abandoned his claims.  (Dkt. No. 29, Attach. 3, at 4-14 [County

Defs.' Memo. of Law]; Dkt. No. 38.)

### C.    Plaintiff's Failure to File a Change of Address and to Respond to Defendants' Motions

Plaintiff has not filed responses to any of Defendants' respective motions.  It appears that

Plaintiff was released from Elmira Correctional Facility (Plaintiff's address of record) on

February 12, 2016;[5] he certainly has not filed a change of address form with the Court.  In a Text

Order filed on February 2, 2016, the Court advised Plaintiff that his time in which to respond to

Defendant Siragusa's motion had expired, *sua sponte* granted Plaintiff an extension in which to

respond until February 16, 2016, and warned Plaintiff that, if he again failed to respond, the

Court would decide the motion to dismiss on the papers filed.  (Dkt. No. 23 [Text Order, filed

---

[5]      According to the New York Department of Corrections and Community Supervision's website, Plaintiff was conditionally released to parole supervision from Elmira Correctional Facility on February 12, 2016.  *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited April 20, 2016).

2/2/2016].)  However, the Court's Text Order was returned as undeliverable on February 29,

2016.  (Dkt. No. 36.)  On February 9, 2016 (three days before what would be Plaintiff's date of

release), the Court directed Plaintiff to file a change of address with the Court by February 16,

2016.  (Dkt. No. 28 [Text Order, filed 2/9/2016].)  However, the Court's Text Order was also

returned as undeliverable because, by the time of its arrival at Elmira Correctional Facility,

Plaintiff had been released.  (Dkt. No. 32.)  Several other mailings from the Court (including a

Mandatory Pretrial Discovery and Scheduling Order) have also been returned as undeliverable.[6]

(*See* Dkt. Nos. 31, 33-37.)

## II.    ANALYSIS

As a threshold issue, the County Defendants argue that, in light of his failure to respond

to the pending motions or to update the Court as to his address, Plaintiff has abandoned his

claims.  (Dkt. No. 38.)  For the reasons that follow, the Court agrees with the County Defendants

and concludes that, pursuant to Fed. R. Civ. P. 41(b) and W.D.N.Y. L.R. 5.2(d), dismissal of

Plaintiff's Complaint as to *all* Defendants is appropriate.  Moreover, because of other reasons,

that dismissal should be with prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or to

comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v.

Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding that district courts have inherent

authority to dismiss an action *sua sponte* for failure to prosecute, notwithstanding Fed. R. Civ. P.

---

[6]      For example, In a letter filed on February 19, 2016, the County Defendants notified the Court that, on the same date that they filed their motion for judgment on the pleadings (February 11, 2016), they also attempted to serve Plaintiff with a copy of the motion papers by first class mail at Elmira Correctional Facility, but these motion papers were returned because Plaintiff had been released from Elmira Correctional Facility.  (Dkt. No. 30.)

41[b]'s reference to a motion by defendant).[7]  Whether dismissal pursuant to Fed. R. Civ. P.

41(b) is appropriate depends upon the weighing of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  "Generally, no one factor is dispositive." *Nita*

*v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).  The Second Circuit has

articulated that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when

the circumstances are sufficiently extreme.'"  *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir.

2014) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 [2d Cir. 2001]).  "[E]ven

when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's

directive, the court must still make a finding of willfulness, bad faith, or reasonably serious fault

by evaluating those criteria."  *Baptiste*, 768 F.3d at 217.

　　　With regard to the first factor, nearly two-and-a-half months have passed since Plaintiff

incurred the duty to file a change-of-address form with the Court.  Moreover, while these time

---

[7]　　　With regard to *pro se* actions, the Western District of New York's Local Rules of Practice provide, in part, as follows: "[A] *pro se* litigant must inform the Court **immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice.**"  W.D.N.Y. L.R. 5.2(d) (emphasis added).  The Court notes that, even if the Northern District of New York's Local Rules of Practice applied by reason of the fact that the case has been temporarily assigned to the Court, Plaintiff's failure to update his address also constitutes a violation of those rules.  N.D.N.Y. L.R. 10.1(c)(2) (**"All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**  Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action.");  *accord,* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action.") (emphasis in original).

periods, considered in isolation, are not extraordinarily excessive,[8] they are exacerbated by the fact that Plaintiff's last contact with the Court was on September 24, 2015, when he filed documents in relation to his motion to remand the case to state court.  (Dkt. No. 12.)  The inference that Plaintiff has lost interest in this action is difficult to avoid.  Plaintiff is utterly unreachable, a fact which prohibits the progress of this case.[9]  In light of these considerations, the Court concludes that this factor weighs neither in favor of nor against dismissal.

With regard to the second factor, the Court provided unequivocal notice, in its Text Order, filed on February 9, 2016, that a failure to file a change of address with the Court may result in dismissal of his case.  (Dkt. No. 28.)  This Text Order was returned as undeliverable, and Plaintiff therefore ostensibly did not receive this warning.  However, this fact does not preclude dismissal because Plaintiff was responsible for the Court's inability to notify him.  In other words, any lack of notice to Plaintiff that his case may be dismissed due to his inaction has

---

[8]       *See, e.g., Toliver v. Dep't of Corrs.*, 10-CV-5806, 2012 WL 310940, at *2 (S.D.N.Y. Feb. 1, 2012) (concluding that a two-month delay in filing an amended complaint was "relatively short-lived"); *accord, Balkum v. Gonzalez*, 09-CV-0289, 2014 WL 2510615, at *5 (N.D.N.Y. June 4, 2014) (concluding that "a period of noncompliance of only two months and fifteen days" weighed against dismissal, and collecting cases).

[9]       *See, e.g., Garcia v. City of New York*, 14-CV-4160, 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing complaint with prejudice and explaining that, "even if the court only considered Plaintiffs' failure to respond to the January 11, 2016, Order standing alone, and even if that delay was itself not sufficiently substantial to warrant dismissal, the court would still find the delay here sufficient to counsel in favor of dismissal because Plaintiffs are unreachable"); *Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. Sept. 26, 2013) ("Courts have found dismissal appropriate for even shorter delays [than several months] when a party has become completely inaccessible, as inaccessibility 'strongly suggests that [plaintiff] is not diligently pursuing [his] claim.'") (quoting *Dong v. United States*, 02-CV-7751, 2004 WL 385117, at *3 [S.D.N.Y. Mar. 2, 2004]) (concluding that "the very fact that Dong has been inaccessible for the last two months–without notifying the Court, the Government, or the Pro Se Office of a change of address–strongly suggests that he is not diligently pursuing this claim"); *Capogrosso v. Troyetsky*, 14-CV-0381, 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for a delay as short as two months when a party has become completely inaccessible[.]") (citation and internal quotation marks omitted).

been occasioned solely by his failure to notify the Court of his address.[10]  Moreover, the Court

notes that Plaintiff is no stranger to the legal system, having filed at least 12 lawsuits in the

Western District of New York (in addition to this case, which was filed in state court).[11]

Certainly, he is aware of W.D.N.Y. L.R. 5.2(d).  As a result, the Court concludes that this factor

weighs in favor of dismissal.

With regard to the third factor, although Defendants have not articulated specific

prejudice resulting from the delay, the underlying facts set forth in the Complaint appear to relate

to a suppression hearing held nearly 20 years ago.[12]  Given the significant time that has passed,

any further, unnecessary delay raises significant concerns of prejudice to the Defendants and

their ability to secure evidence and probative witness testimony.  Moreover, Defendants,

---

[10]    *See Link,* 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so . . . ."); *accord, e.g., Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (concluding that plaintiff need not "be spared dismissal on the ground that he did not actually receive the Court's order . . . since he himself was responsible for the Court's inability to notify him" in that he provided no forwarding address after release from custody); *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (dismissing *pro se* plaintiff's complaint without prejudice, and noting that, "regardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address")*; accord, Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, 12-CV-1005, 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014); *Hibbert v. Apfel*, 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("Even though plaintiff did not receive this Court's Order, defendant may nonetheless prevail on its motion to dismiss for failure to prosecute."); *Matthews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (concluding that dismissal of *pro se* plaintiff's lawsuit was appropriate and that plaintiff's failure to receive court order warning of dismissal could "only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address").

[11]    *See Crenshaw v. Sciandra*, 10-CV-6207, 2013 WL 1680144, at *1-2 (W.D.N.Y. Apr. 17, 2013) (reciting Plaintiff's litigation history, noting that "Plaintiff  is no stranger to the legal system . . . having filed eleven lawsuits in this district to date," and dismissing the complaint pursuant to 28 U.S.C. § 1915[g] in light of undisclosed litigation history).

[12]    *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. May 30, 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.")

including a sitting federal district court judge, a district attorney and former assistant district

attorney, and current and/or former law enforcement officers, continue to be subject to a lawsuit

which appears to attack their integrity and/or fitness to hold positions of substantial public

trust.[13]  The Court concludes that this factor weighs in favor of dismissal.

With regard to the fourth factor, it is not an efficient use of the Court's time to allow this

case to languish on the docket in perpetuity on the possibility that, at some unknown future date,

Plaintiff will reappear to pursue his claims.[14]  The Court has a responsibility to manage its docket

to decrease its congestion, and Plaintiff's failure to advise the Court of his address evinces little

interest in being heard.[15]  Moreover, while Plaintiff's failure to update his address has resulted in

a somewhat passive, unobtrusive delay when this lawsuit is considered in a vacuum,[16] the Court

notes that Plaintiff has filed numerous lawsuits in the Western District of New York to date,

none of which appear to have concluded in Plaintiff's favor.[17]  Considering both the delay

---

[13]      *See, e.g., Evchich v. Sullivan*, 04-CV-0510, 2009 WL 349169, at *4 (W.D.N.Y. Feb. 9, 2009) ("Moreover, the individual defendants continue to be subject to a lawsuit which attacks their fitness as law enforcement officers without hope of timely resolution.").

[14]      *See, e.g., Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (concluding that "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future") (citation and internal quotation marks omitted).

[15]      *See, e.g., Murray v. Uhler*, 13-CV-1584, 2015 WL 6438989, at *4 (N.D.N.Y. Oct. 21, 2015) (concluding that fourth factor weighed in favor of dismissal because plaintiff "failed to advise the Court of his whereabouts and thus has demonstrated little interest in being heard").

[16]      *See Baptiste*, 768 F.3d at 218 (noting that plaintiff's "failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court[, and] he did not swamp the court with irrelevant or obstructionist filings") (citation and internal quotation marks omitted).

[17]      *See Crenshaw v. Monroe Cnty. Jail*, 97-CV-6456 (W.D.N.Y.); *Crenshaw v. Bennett*, 99-CV-6432 (W.D.N.Y.); *Crenshaw v. Superintendent of Five Points Corr. Facility*, 595 F. Supp. 2d 224 (W.D.N.Y. 2009) (denying motion for reconsideration of denial of petition for habeas corpus); *Crenshaw v. Herbert*, 445 F. Supp. 2d 301 (W.D.N.Y. 2006), *aff'd*, 409 F. App'x 428 (2d Cir. 2011); *Crenshaw v. Kirkpatrick*, 08-CV-6186 (W.D.N.Y.); *Crenshaw v. Wright*, 09-CV-6059 (W.D.N.Y.); *Crenshaw v.*

occasioned in this case (which, again, was occasioned by Plaintiff) and Plaintiff's substantial

litigation history as a whole, the Court concludes that this factor weighs in favor of dismissal.

     With regard to the fifth factor, the Court concludes that, because Plaintiff's whereabouts

are unknown because of his failure to communicate with the Court (or, apparently, Defendants),

no less drastic sanction would prove effective.[18] The Court notes that, despite attempted

mailings of documents by the Court (as well as County Defendants' assertions that service of

their motion papers were unsuccessful), Plaintiff has not been located and has failed to

communicate with the Court since September 2015. As a result, the Court concludes that this

factor weighs in favor of dismissal.

     Based upon a consideration of the relevant factors, the Court concludes that the balance

of those factors weigh in favor dismissal of Plaintiff's Complaint. Accordingly, Plaintiff's

Complaint is dismissed as to all Defendants.

---

*Green*, 09-CV-6138 (W.D.N.Y.); *Crenshaw v. Korbur*, 09-CV-6167 (W.D.N.Y.); *Sciandra*, 2013 WL 1680144, at *1 (W.D.N.Y.); *Crenshaw v. Griffin*, 11-CV-6621 (W.D.N.Y.); *Crenshaw v. Harris*, 12-CV-6184 (W.D.N.Y.); *Crenshaw v. DeMarco*, 15-CV-6179 (W.D.N.Y.). As noted above, *Sciandra* was dismissed pursuant to the three-strikes provision, 28 U.S.C. § 1915(g). *Sciandra*, 2013 WL 1680144, at *1-2. Plaintiff has also filed at least three lawsuits in the Northern District of New York. *Crenshaw v. Wright*, 10-CV-0244, 2011 WL 75775, at *1-2 (N.D.N.Y. July 21, 2011) (dismissing 42 U.S.C. § 1983 action); *Crenshaw v. Laclair*, 11-CV-0331, Decision and Order (N.D.N.Y. filed August 11, 2011) (dismissing complaint without prejudice pursuant to 28 U.S.C. § 1915[g]); *Crenshaw v. Griffin*, 12-CV-0286, Decision and Order (N.D.N.Y. filed April 19, 2012) (dismissing complaint without prejudice pursuant to 28 U.S.C. § 1915[g]).

[18]     *See, e.g., Murray*, 2015 WL 6438989, at *4; *Walsh v. Jordan*, 12-CV-1722, 2014 WL 1775530, at *4 n.4 (N.D.N.Y. May 2, 2014) ("The court notes that less drastic sanctions [than dismissal without prejudice] would be ineffective–for example, an order directing plaintiff to update his address would be futile, given that such an order would most likely never reach plaintiff due to his failure to notify the court of his current address."); *Lopez v. Smurfit-Stone Container Enter.*, 289 F.R.D. 103, 105 (W.D.N.Y. 2013) ("Plaintiff's own actions have rendered it pointless for the Court to make further attempts to give him notice of the possible consequences of his continued failure to prosecute, and there is no indication in the record that an additional extension will likely result in anything except further delay."); *see also Piper v. City of Elmira*, 13-CV-6651, 2016 WL 901307, at *3 (W.D.N.Y. Mar. 3, 2016) (noting, with regard to the fifth factor, that "this case is unable to proceed absent Plaintiff's participation, given its procedural posture.").

Ordinarily such a dismissal would be without prejudice.  However, here, numerous of Defendants' alternative arguments for dismissal have merit (e.g., Defendant Siragusa's second through sixth arguments, and the County Defendants' first and third through ninth arguments). The Court notes that (1) several of the parties in this action enjoy either sovereign or absolute immunity from liability, (2) Plaintiff's claims are time-barred, (3) Plaintiff's claims appear to seek relief related to a years-old criminal conviction (which has survived appellate review and collateral attack) in violation of the *Rooker-Feldman* doctrine and *Heck v. Humphrey*, 512 U.S. 477 (1994), and (4) in any event, Plaintiff's claims are so lacking a legal or factual basis as to be frivolous.  (Dkt. No. 19, Attach. 1, at 2-4; Dkt. No. 29, Attach. 3, at 4-14.)  While a *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint, the Court concludes that such an opportunity is not warranted here because, as enumerated above, "the problem[s] with [Plaintiff's] causes of action [are] substantive" such that "better pleading will not cure [them]."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**ACCORDINGLY**, it is

**ORDERED** that Defendant Siragusa's motion to dismiss (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Defendants McNamara, VonLoon, and Fontanza's motion to dismiss (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that Defendants Doorley and Bernstein's motion for judgment on the pleadings (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** **with prejudice** as to all Defendants for the reasons stated above; and it is further

**ORDERED** that the Clerk of the Court shall issue a Judgment for Defendants and close

this action.

Dated: May 4, 2016
      Syracuse, NY

                         Hon. Glenn T. Suddaby
                         Chief U.S. District Judge
                         Northern District of New York